DLM

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ROBERT W. CAMPBELL (deceased), DIANE L. CAMPBELL, DANIEL RAY PATTERSON, BRIAN LEE PATTERSON, TINA VALDEZ, TAMMY MCILLRATH, ROBERT CAMPBELL JR., and KEVIN CAMPBELL<br><br>Plaintiffs,<br><br>v.<br><br>BUFFALO PUMPS, INC.<br>GENERAL ELECTRIC COMPANY<br><br>Defendants. | Civil Action No.<br><br>(Providence Superior Court, Providence County, Civil Action No. 06-6569)<br><br>CA 07 050S |

**DEFENDANT BUFFALO PUMPS, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**

PLEASE TAKE NOTICE that Defendant, Buffalo Pumps, Inc. ("Buffalo Pumps") in the above-captioned action, hereby files its Notice of Removal of the state court action filed by the estate of Robert W. Campbell, described below to this Court pursuant to 28 U.S.C. §§ 1442 and 1446, whereby this Court has subject matter jurisdiction to adjudicate claims with respect to persons acting under an officer or agency of the United States. The grounds for removal are more particularly stated as follows:

1. This Notice of Removal is timely because it has been filed within thirty (30) days of receipt by Buffalo Pumps of the first "paper" within the meaning of 28 U.S.C. § 1446(b) from which Buffalo Pumps could determine that the case is removable, namely, Plaintiffs' Complaint, served upon Buffalo Pumps on January 4, 2007. **Exhibit 1** (Service of Process).

2. In Plaintiffs' Complaint, it is alleged that the decedent Robert W. Campbell ("Campbell") was exposed to asbestos-containing products while enlisted in the United States Navy beginning in the 1960's. This is Campbell's only exposure to asbestos alleged within the Complaint. **Exhibit 2** (Complaint).

3. Thus, it appears from the Complaint that Plaintiffs seek to hold Buffalo Pumps liable in connection with products it allegedly manufactured and sold to the United States Navy.

4. Buffalo Pumps is entitled to remove this action because it is a person that (a) has a colorable defense to the Plaintiffs' claims; (2) acted under the authority of an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1); and (3) there is a causal nexus between Plaintiffs' claims and the conduct performed by Buffalo Pumps under the color of federal office. *See Mesa v. California*, 489 U.S. 121 (1989); *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).

5. Buffalo Pumps manufactured and supplied pumps for Navy ships pursuant to vessel-specific contracts between Buffalo Pumps and the United States Navy. *See* **Exhibit 3** (Affidavit of Rear Admiral Roger B. Horne, Jr. ("Horne Affidavit"); **Exhibit 4** (Affidavit of Martin K. Kraft ("Kraft Affidavit")).

6. Buffalo Pumps is a "person" within the meaning of 28 U.S.C. § 1442(a). *Green v. A.W. Chesterton Co.*, 366 F. Supp. 2d 149, 153 n.3 (D. Me. 2005); see also *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 398 (5th Cir. 1998) (corporate entities qualify as "persons" under § 1442(a)(1); *Fung v. Abex Corp.*, 816 F. Supp. 569, 572 (N.D. Cal. 1992).

7. As evidenced by Mr. Kraft's affidavit, the Navy issued specifications and other technical documentation identified in applicable contract documents that controlled the pumps' design and construction and specified the materials to be used, including asbestos gaskets. The Navy retained ultimate decision-making authority with respect to the design and final approval of all Buffalo Pump's pumps constructed for Navy vessels. All pumps supplied by Buffalo Pumps to the Navy were manufactured under reasonably precise specifications and other technical documentation dictated by the United States Government and identified in applicable contract documents. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 419 (5th Cir. 2001); *see* **Exhibit 3** (Horne Affidavit) and **Exhibit 4** (Kraft Affidavit).

8. The Navy's specifications also covered the nature of any communication affixed to pumps or equipment supplied to the Navy. As such, Buffalo Pumps was required to submit for approval and acceptance by the federal government drafts of any manuals, drawings, or other written materials required to be provided with regard to pumps it manufactured for the Navy. *See* **Exhibit 3** (Horne Affidavit) and **Exhibit 4** (Kraft Affidavit).

9. Therefore, Buffalo Pumps was, at all times, acting under the direct and detailed authority and control of an officer of the United States Navy in carrying out its contract for the manufacture of pumps. *See Miller*, 275 F.3d at 419.

10. The United States Navy was aware of the potential hazards of asbestos as early as 1922, and by the 1940s, the Navy's knowledge regarding the potential hazards of asbestos was quite complete when compared to the available knowledge at the time. *See Miller*, 275 F.3d at 422-23; *see* **Exhibit 5** (Affidavit of Samuel Forman, M.D.).

11. As recognized in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), Buffalo Pumps has, *inter alia*, a colorable claim to a federal defense to this action, *i.e.*, government contractor immunity from liability for injuries arising from any exposure to asbestos in pumps manufactured by Buffalo Pumps. *See Miller*, 275 F.3d at 418; *Madden v. Able Supply Co.*, 205 F. Supp. 2d 695 (S.D. Tx. 2002); *Pack v. ACandS, Inc.*, 838 F. Supp. 1099 (D. Md. 1993).

12. Removal is further appropriate in this instance because Buffalo Pumps does not need to prove the merits of its defense in order to successfully remove this case, but rather it merely needs to present a colorable claim such that the validity of the defense should be tried in federal court rather than state court. *See Mesa*, 489 U.S. at 129; *Madden*, 205 F. Supp.2d at 701; *Winters v. Diamond Shamrock Chemical Co.*, 901 F. Supp. 1195, 1202 (E.D. Tx. 1995); *Pack*, 838 F. Supp. at 1103.

13. The federal officer removal statute is not narrow or limited, and it should not be frustrated by a narrow interpretation of 28 U.S.C. § 1442(a)(1). *See Willingham v. Morgan*, 395 U.S. 402, 405 (1960).

14. Buffalo Pumps is not required to notify or obtain the consent or approval of any other defendant in this action in order to remove Plaintiffs' action as a whole pursuant to 28 U.S.C. § 1442(a)(1). *See Ely Valley Mines, Inc. v. Hartford Accident Indemnity Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981).

15. Buffalo Pumps hereby requests a full and fair opportunity to brief, respond, and argue against any Motion for Remand filed by Plaintiffs.

WHEREFORE, Buffalo Pumps, Inc. hereby notices the removal of this action to this Court.

Respectfully submitted,

The Defendant,
BUFFALO PUMPS, INC.
By its counsel,

Timothy J. Dodd, #3150
215 Broadway
Providence, RI 02903
(401) 272-3900

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2007, I served a copy of the foregoing, via first-class mail, to plaintiff counsel Robert Sweeney of Early, Ludwick & Sweeney, 265 Church Street, New Haven, CT and to counsel for defendant General Electric, Jeffrey Thomen of McCarter English, CityPlace I, 185 Asylum Street, Hartford, CT.

David A. Goldman

DLM

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| ROBERT W. CAMPBELL (deceased), DIANE L. CAMPBELL, DANIEL RAY PATTERSON, BRIAN LEE PATTERSON, TINA VALDEZ, TAMMY MCILLRATH, ROBERT CAMPBELL JR., and KEVIN CAMPBELL<br><br>Plaintiffs,<br><br>v.<br><br>BUFFALO PUMPS, INC.<br>GENERAL ELECTRIC COMPANY<br><br>Defendants. | Civil Action No.<br><br>(Providence Superior Court, Providence County, Civil Action No. 06-6569)<br><br>CA 07 050S |

**CERTIFICATE OF SERVICE**

This is to certify that on this 5th day of February, 2007, Defendant Buffalo Pumps, Inc.'s Notice of Removal was served by first class mail, postage prepaid, upon the following counsel:

Robert J. Sweeney, Esquire
Early Ludwick & Sweeney, L.L.C.
265 Church Street
P.O. Box 1866
New Haven, CT 06508

Jeffrey M. Thomen, Esquire
McCarter & English LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103-3495

Respectfully submitted,

The Defendant,
BUFFALO PUMPS, INC.
By its counsel,

______________________________
Timothy J. Dodd, #3150
215 Broadway
Providence, RI 02903
(401) 272-3900