**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: ASBESTOS LITIGATION
(NO. VI)
THIS DOCUMENT RELATES TO

CIVIL ACTION NO. MDL 875

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF RHODE ISLAND**

ROBERT W. CAMPBELL (deceased), DIANE L. CAMPBELL, DANIEL RAY PATTERSON, BRIAN LEE PATTERSON, TINA VALDEZ, TAMMY MCILLRATH, ROBERT CAMPBELL JR., and KEVIN CAMPBELL

Plaintiffs,

v.

BUFFALO PUMPS, INC.,

GENERAL ELECTRIC COMPANY,

Defendants.

Civil Action No.: 07-050

**NOTICE OF TAG-ALONG ACTION**

PLEASE TAKE NOTICE THAT on July 29, 1991, the Judicial Panel on Multidistrict Litigation entered an order transferring all asbestos cases pending in federal court to the United States District Court, Eastern District of Pennsylvania, for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 ("MDL Transfer Order"). That order also applies to "tag-along actions," or actions involving common questions of fact filed after the January 17, 1991 filing of the Panel's Order to Show Cause. MDL Rule 7.5(e) provides:

> Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

The undersigned hereby notifies the Court that this case is a potential "tag-along action" which may be subject to transfer to the Eastern District of Pennsylvania. A copy of the Complaint is annexed hereto as Exhibit 1 for the Court's convenience. The Clerk of the Panel may either: 1) enter a conditional transfer order pursuant to MDL Rule 7.4(a), or 2) file an order to show cause why the action should not be transferred, pursuant to MDL Rule 7.3(a).

Respectfully submitted,
The Defendant
Buffalo Pumps, Inc.
By its counsel,

Timothy K. Dodd. #3150
215 Broadway
Providence, RI 02903
(401) 272-3900

Dated: 3/29 , 2007

Mailed to: Jeffrey Luthi
Clerk of the Panel
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Room G-255, North Lobby
Washington, DC 20002-8004

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of March , 2007, I caused a true copy of the within Notice of Tag-Along Action to be served, via first class mail, to plaintiff counsel Richard Bullock of Early, Ludwick & Sweeney, 265 Church Street, New Haven, CT 06508 and to counsel for defendant General Electric, Jeffrey Thomen of McCarter English, CityPlace I, 185 Asylum Street, Hartford, CT 06103.

David A. Goldman

IN THE SUPERIOR COURT

FOR THE STATE OF RHODE ISLAND

COUNTY OF PROVIDENCE

*IN RE: ASBESTOS LITIGATION*

ROBERT W. CAMPBELL (deceased),
DIANE L. CAMPBELL,
DANIEL RAY PATTERSON,
BRIAN LEE PATTERSON,
TINA VALDEZ, TAMMY MCILLRATH,
ROBERT CAMPBELL JR.,
And KEVIN CAMPBELL

C.A. No. 06-6569

VERSUS

JURY TRIAL DEMANDED

BUFFALO PUMPS, INC.
GENERAL ELECTRIC COMPANY

SUPERIOR COURT
FILED
DEC 19 2006
PROVIDENCE & BRISTOL COUNTIES
HENRY S. KINCH JR.
CLERK

rue Copy Attest
[signature]
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

EARLY, LUDWICK, SWEENEY & STRAUSS
An Association of Professional L.L.C.s
EARLY, LUDWICK & SWEENEY, L.L.C.
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET • P.O. BOX 1866
NEW HAVEN, CONNECTICUT 06508-1866 • (203) 777-7799 • JURIS. NO. 409080

**COMPLAINT FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, come plaintiffs ROBERT W. CAMPBELL (deceased), DIANE L. CAMPBELL, DANIEL RAY PATTERSON, BRIAN LEE PATTERSON, TINA VALDEZ, TAMMY MCILLRATH, ROBERT CAMPBELL JR., and KEVIN CAMPBELL, natural children of the deceased, pursuant to R.I.G.L Section 10-7-3, who file this complaint for damages:

1. There is no executor or administrator, or no action has been brought in the name of the executor within 6 months after ROBERT W. CAMPBELL'S death. Pursuant to the action in Section 10-7-3, in authorized to the brought by the beneficiaries and natural children and decedent.

2. Plaintiffs bring forth this suit.

3. Each of the defendants named in the caption above has conducted business in the State of Rhode Island and has produced, manufactured or distributed asbestos and/or asbestos products with the reasonable expectation that such products would be used or consumed in this State, which products were so used or consumed, and has committed the tortuous acts set forth below in this state.

4. The federal courts lack subject matter jurisdiction over this action, as there is no federal question and incomplete diversity of citizenship due to the presence of a Rhode Island defendant. Removal is improper. Every claim arising under the Constitution, treaties, or laws

SUPERIOR COURT
FILED
DEC 1 9 2006
PROVIDENCE & BRISTOL COUNTIES
HENRY S. KINCH JR.
CLERK

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

of the United States is expressly disclaimed (including any claim arising from an act or omission on a federal enclave, or of any federal officer of the U.S. or any agency or person acting under him occurring under color of such office). No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency. Venue is proper in this court.

5. Plaintiffs specifically do not assert herein a claim for relief or cause of action for damages:

(A) against the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress, Treaties or Constitution of the United States of America.; and/or

(B) against any Defendant named herein where (1) said Defendant acted under the direction, order, specification, and/or comprehensive and detailed regulation of a federal officer or federal agency in the performance of its contract duties; and (2) there is a causal nexus between said claim or cause of action for damages and the federal officer or federal agency's direction, order, specification, and/or comprehensive and detailed regulation in the performance of the Defendant's contract duties.

COUNT I

Paragraphs 1 through 5 are incorporated herein as if set forth in full.

6. The employer or employers of ROBERT W. CAMPBELL (deceased) (hereinafter "plaintiff") were engaged in various businesses in which they bought and/or installed asbestos products and materials.

7. The plaintiff ROBERT W. CAMPBELL (deceased) was exposed to various asbestos containing products while enlisted in the United States Navy from beginning in the

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

1960s. Such occupational asbestos exposure contributed in part or totally to the plaintiff's contraction of asbestos-related mesothelioma and other asbestos-related pathologies.

8. During the period of time set forth above, the plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which came from the asbestos products which were contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed and/or sold by the named defendants.

9. Upon information and belief, the defendants, through their agents and employees, mined, processed, manufactured, designed, tested and/or packaged various asbestos-containing products, and supplied, distributed, delivered, marketed and/or sold said asbestos-containing products to the employer(s) of the plaintiff or to others working at the various job sites where the plaintiff was employed, or to third persons who, in turn, delivered and sold such products and materials to such employers or to others working at such job sites for use by employees.

10. At all relevant times that the plaintiff was working, he was exposed to asbestos materials and products which he, as part of his employment, was forced to come into contact with asbestos materials that came in contact with plaintiff who breathed, inhaled, and/or ingested asbestos fibers and particles coming from said asbestos products and materials.

11. At all times pertinent hereto, defendants were engaged in the business of contracting for, mining, milling, processing, manufacturing, designing, testing, assembling,

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling asbestos and asbestos products.

12. At all times pertinent hereto, the asbestos products contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and/or sold by the defendants reached the plaintiff without any substantial change in their condition from the time they were sold.

13. The foregoing asbestos products were defective in one or more of the following ways:

(a) In that they were inherently dangerous to those who used, handled, came in contact with and/or inhaled said products and materials;

(b) In that they failed to carry proper, adequate and correct warnings and information concerning the dangers of the said products;

(c) In that they lacked proper safety precautions to be observed by users, handlers and persons, including the plaintiff who would reasonably and foreseeably come into contact with the said products and materials;

(d) In that they were packaged, bagged, boxed and/or supplied to the plaintiffs in packaging, bagging, boxes or other containers that were inadequate and/or improper.

(e) In that the products were delivered to and reached the plaintiff without adequate or proper handling instructions, face masks and/or respirators;

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

(f) In that any warnings, information and/or safety instructions said products may have carried were improper and inadequate in that they failed to adequately and reasonably apprise users, handlers and persons coming into contact with the said products and materials, including the plaintiff, of the full scope and danger to their health of contact with asbestos products and materials, including the risk of cancer;

(g) In that the said asbestos products and materials were not of merchantable quality;

(h) In that the said asbestos products and materials were not fit and safe for their known and intended purposes and uses.

14. As a result of the above, the plaintiff sustained severe, painful and permanent injuries such as described in Paragraph 4 caused by his coming into contact with, breathing, inhaling and/or ingesting asbestos fibers. The injuries and diseases from which the plaintiff is suffering will in all probability be fatal and will continue to cause the plaintiff to suffer great pain, suffering, mental anxiety, mental distress, humiliation, emotional trauma and mental anguish.

15. The disease, diseases or injuries from which the plaintiff suffers were directly and proximately caused by her exposure to asbestos and asbestos products which were mined, milled, manufactured, designed, assembled, fabricated, supplied, constructed, processed, packaged, distributed, delivered, purchased and/or sold by the defendants.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

16. As a result thereof, the plaintiff's life span has been shortened and his capacity to carry on life's activities has been impaired along with his capacity to enjoy life and family, to engage in any gainful employment, and to participate in civic affairs.

17. As a result of said illness, the plaintiff has been obligated to incur expenses for medical, hospital and surgical treatment, drugs, medicines, x rays and medical apparatus, and in the future will be obliged to incur further expenses for such purposes.

18. As a further result of said illness, the plaintiff's earning capacity has been impaired and will be impaired in the future and his earning capacity has been permanently impaired.

19. The defendants knew or should have known that the asbestos products and materials were inherently dangerous to those who used, handled or came in contact with said products and materials.

20. The defendants failed to provide proper, adequate and correct warnings and information concerning the dangers of the products and materials to persons using, handling, or coming into contact therewith.

21. The defendants failed to provide proper, adequate and correct warnings and instruction of safety precautions to be observed by users, handlers and persons, including the plaintiff, who would reasonably and foreseeably come into contact with the said products and materials.

:rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

22. Any warnings, information and/or instructions of safety precautions were improper and inadequate in that, among other things, they failed to adequately and reasonably apprise users, handlers and persons coming into contact with the said products and materials, including the plaintiff, of the full scope and danger to their health of contact with asbestos products and materials, including the risk of cancer.

23. The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos containing products were hazardous to the health and safety of the plaintiff and other human beings.

24. The defendants, during the 1930's, 1940's, 1950's and 1960's became possessed of voluminous medical and scientific data, studies and reports, which information conclusively established that asbestos and asbestos containing products were hazardous to the health and safety of the plaintiff and all humans exposed to the products.

25. The defendants have since the 1930's had numerous workers' compensation claims filed against them by former asbestos workers/employees.

26. The defendants, since the 1920's, have consistently failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

27. Notwithstanding that the defendants possessed the foregoing information, the defendants wrongfully contracted for, mined, milled, processed, manufactured, designed,

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and sold asbestos products and materials to the plaintiff, his employer(s) and/or to others working at the various job sites and places of employment of the plaintiff and the defendants failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, and failed to use reasonable care under all circumstances, and wrongfully acted in other respects.

28. It was the continuing duty of the defendants to advise and warn purchasers, consumers, and users, and all prior purchasers, consumers, and users, of all dangers, characteristics, potentialities and/or defects discovered subsequent to their initial marketing or sale of said asbestos and asbestos products.

29. The defendants breached these duties by:

(a) failing to warn the plaintiff of the dangers, characteristics, and/or potentialities of the product or products when they knew or should have known that the exposure to the product(s) would cause disease and injury;

(b) failing to warn the plaintiff of the dangers to which he was exposed when they knew or should have known of the dangers;

(c) failing to exercise reasonable care to warn the plaintiff of what would be safe, sufficient, and properly protective clothing, equipment, and appliances when working with, near or during exposure to asbestos and asbestos products;

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

(d) in that they were packaged, bagged, boxed and/or supplied to the plaintiff in packaging, bagging, boxes or other containers that were inadequate and/or improper;

(e) in that the products were delivered to and reached the plaintiff without adequate or proper handling instructions, face masks and/or respirators;

(f) failing to test the asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure;

(g) failing to conduct such research that should have been conducted in the exercise of reasonable care in order to ascertain the dangers involved upon exposure;

(h) failing to remove the product or products from the market when the defendant corporations knew or should have known of the hazards of exposure to asbestos and asbestos products;

(i) failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos to adequately warn and apprise the plaintiff of the dangers, hazards, and potentialities discovered;

(j) generally using unreasonable, careless, and negligent conduct in the contracting for, mining, milling processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling of their asbestos and asbestos products.

COUNT II

Paragraphs 1 through 29 are incorporated herein as if set forth in full.

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

30. The plaintiff was a foreseeable user and consumer of the defendants' asbestos and asbestos products.

31. The defendants owed the plaintiff a duty of reasonable care to avoid causing him harm from exposure to their products.

32. The defendants breached their duty in the numerous and various manner set forth above.

33. The defendants' negligence directly and proximately caused the plaintiff's asbestos disease and other lawful damages set forth above.

COUNT III

Paragraphs 1 through 33 are incorporated herein as if set forth in full.

34. The foregoing acts of the defendants were wrongful as to the plaintiff within the intendment of Restatement, Torts 2d, Section 402A.

COUNT IV

Paragraphs 1 through 34 are incorporated herein as if set forth in full.

35. The defendants expressly and/or impliedly warranted that said asbestos materials and products were of merchantable quality, fit and safe for the purposes for which they were contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, sold, intended

True Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island

and used, as set out in their sales brochures, manuals and written warranties accompanying or preceding sales and distribution of their products, and in various other manners.

36. The defendants breached said warranties in that said asbestos materials and products were not of merchantable quality, fit and safe for the purposes for which they were contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, sold, intended and used in that, among other things, adequate warning precautions and instructions were not provided to users, handlers, and persons coming into contact with said products and materials.

37. The plaintiff's injuries and resulting damages set forth above were caused by breach of said warranties by the defendants.

38. The plaintiff was employed in capacities which placed him in close proximity of asbestos and asbestos-related materials, manufactured and/or distributed by one or more of the defendants. Plaintiff's presence was known or should have been known to each of the defendants.

COUNT V

Plaintiffs repeat and reallege all allegations contained in all paragraphs above as if fully set forth herein.

rue Copy Attest

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence, Rhode Island